IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT KENNEDY, II and STEPHANIE KENNEDY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 1:07cv728 ) ) |
| FLEETWOOD ENTERPRISES, INC.; FLEETWOOD HOMES OF GEORGIA, INC., | ) ) ) |
| Defendants. | ) |

## BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiffs, for the reasons set forth below, urge this Honorable Court to remand this action to the Circuit Court of Henry County, Alabama.

### Introduction/Background

Plaintiffs instituted this state court action against Defendants Fleetwood Enterprises, Inc., and Fleetwood Homes of Georgia, Inc., when the Complaint was filed in the Circuit Court of Henry County, Alabama. In their Notice of Removal, Defendants alleged that the removal was proper under the diversity jurisdiction statute, 28 U.S.C. §1332, but failed to prove the amount in controversy exceeds $75,000.00. Additionally, Defendants assert this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs opposes this removal, and by way of their Motion to Remand respectfully submit that the removal was improper and this case is due to be remanded to the Circuit Court of Henry County, Alabama.

On or about July 19, 2006, Plaintiffs submitted the controversy between the parties to the American Arbitration Association ("AAA"). The Demand for Arbitration

involved alleged defects in a manufactured home made by Defendants. Defendants objected to the AAA's jurisdiction over the disputes on the grounds that the parties never agreed their arbitration would be handled through AAA. On or about April 10, 2007, the Demand for Arbitration was withdrawn without prejudice based on Defendants' representation that they would not submit to the AAA jurisdiction. As a result on August 15, 2007, Plaintiffs filed their Complaint for Declaratory Relief pursuant to Alabama's Declaratory Judgment Act, codified at § 6-6-220 through 232 of the Alabama Code and Rule 57 of the Alabama Rules of Civil Procedure. Plaintiffs requested that the Court declare the parties rights and obligations with respect to the contract which contained an arbitration provision, and appoint an arbitrator and designate the applicable rules and fees associated with the arbitration.

## Legal Standard

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by either the Constitution or by the United States Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092 (1994). The burden of establishing federal jurisdiction is on the party seeking removal, and because removal raises significant federalism concerns, it must be strictly construed with all doubts resolved in favor of remand. *Shamrock Oil & Gas. Corp. v. Sheets*, 313 U.S. 100 (1941); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied,* 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed. 2d 506 (1997); *Burns v. Windsor Ins. Co.*, 31 F.3d at 1095 (*Boyer v. Snap-on Tools Corp.*, 913 F.2d 108(3rd Cir. 1990)); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983); *see also Stone v. Williams*, 792 F.Supp. 749 (M.D. Ala. 1992). "A conclusionary allegation in the notice

of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

### Argument

**A.    This Court lacks jurisdiction under the FAA and lacks diversity jurisdiction.**

As this Court is aware, the Federal Arbitration Act "does not provide an independent basis for a federal court's subject-matter jurisdiction." *Household Bank v. JFS Group,* 320 F.3d 1249, 1253 (11th Cir. 2003). To seek relief under FAA, Defendants must allege some independent basis for this Court's jurisdiction. *Id.* Without that independent basis 9 U.S.C. § 4 does not invoke this Court's jurisdiction. *Id.*

In their removal, Defendants allege that diversity jurisdiction exists for two reasons: (1) the parties are completely diverse and (2) the amount in controversy exceeds $75,000. Although it appears that the parties are of diverse citizenship, Defendants cannot prove that the amount in controversy exceeds $75,000. Defendants' sole basis for its amount-in-controversy allegation is that, it says, the Plaintiffs' arbitration demand claims exceed $75,000. Even if true, the Plaintiffs' claims are not the correct measure of the "amount in controversy."

As recently explained by the United States District Court for the Northern District of Georgia in a similar case, when a party seeks to compel arbitration or enjoin an ongoing arbitration, the amount in controversy is measured by the value of what is sought in the Complaint seeking to compel arbitration, not the claims in the underlying dispute. See *Citigroup Global Markets, Inc. v. Berggren,* 2006 WL 3359653 (N.D.Ga. Nov. 20, 2006) (copy attached hereto as Ex. A). In *Citigroup,* the Court stated the following:

>The Complaint does not seek damages; it demands injunctive and declaratory relief enjoining the defendants from proceeding with the ongoing arbitration. When, as here a plaintiff in a diversity case seeks injunctive relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."

*Id.* at *1.

In the present case, the value is the cost of litigating the appointment of an arbitrator and determination of applicable rules and fees associated with the arbitration. As the Court held in *Citigroup,* that value is "indeterminate" and "speculative" and therefore does not satisfy the amount in controversy requirement. *Id* at 2. Because Defendants bear the burden of proving that the amount in controversy exceeds $75,000, and it cannot meet this burden, this case is due to be remanded to state court. See *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805 (11th Cir. 2003).

The underlying Magnuson Moss Warranty claims, breach of express warranty claims, breach of implied warranty claims and fraudulent concealment claims are not at issue in this case. What is at issue is what rules and fees are applicable to the arbitration and the appointment of an arbitrator. The object of the litigation in the present case is declaratory relief so that the parties can proceed with the underlying claims in arbitration. The Complaint does not allege facts to show that this outcome is worth more than $75,000 and Defendants cannot prove the outcome is worth more than $75,000.

**B.  The Court does not possess federal question jurisdiction under the Magnuson Moss Warranty claims.**

Defendants contend that the Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the claim for relief under Magnuson Moss Warranty Act constitutes an action arising under the laws of the United States, 42 U.S.C. § 2301 et. seq.

4

and the amount in controversy is not less than $50,000, exclusive of interest and cost. The face of Plaintiffs' Complaint reveals no issue of federal law. The Magnuson Moss Warranty claims are not being adjudicated in the state court action. The Magnuson Moss Warranty claims are in Plaintiffs' Demand for Arbitration which was filed with the AAA. Additionally, Defendants cannot prove that the amount in controversy is not less than $50,000 because when a party seeks to compel arbitration or enjoin an ongoing arbitration, the amount in controversy is measures by the value of what is sought in the complaint seeking to compel arbitration, not the claims in the underlying dispute. *See Citigroup.*

## Conclusion

Based on the foregoing, Plaintiff respectfully urges this Honorable Court to remand this action to the Circuit Court of Henry County, Alabama.

/s/ C. Lance Gould
C. LANCE GOULD (ASB-0913-G66C)
Attorney for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed the original of the foregoing document in this Court and served a copy upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 13th day of September, 2007.

                                              <u>/s/ C. Lance Gould</u>
                                              OF COUNSEL

James H. Crosby
David F. Walker
CROSBY SAAB, LLC
6404 Hillcrest Park Court
Mobile, Alabama 36695

**Westlaw.**

Slip Copy                                                                 Page 1
Slip Copy, 2006 WL 3359653 (N.D.Ga.)
(Cite as: Slip Copy)

**C**
**CitigroupGlobal** Markets. Inc. v. Berggren
N.D.Ga.,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. Georgia,Atlanta Division.
**CITIGROUPGLOBAL** MARKETS. INC., f/k/a Salomon Smith Barney, Plaintiff,
v.
Tom BERGGREN, Bruce Borghardt, Michael C. Cipicchio, Janice L. Cunha, Rosanne L. Dickerson, Linda Susan DiEdwardo, Sandra Marie Doris-Kelly, David W. Duane, George Hampton, Deborah Jean Jorgenson, James A. Kaiser, Hugh Lann Kelly, Brent Merritt Lacho, Betty Jean Logan, Carolyn Marya Mahoney, Curt Carl Melin, Phyllis G. Messina, Patsy L. Millis, Gerald Morrow, Jennifer L. Myrick, Brian William Quinn, Gina M. Rasure, Robert Joseph Scesa, Douglas J. Shonka, Christy Ann Shows, Michael P. Smith, Ben J. Urzendowski, Brent D. Waldrup, and Zhenjia Zhu, Defendants.
No. 1:06-cv-1075-WSD.

Nov. 20, 2006.

Brett Allan Rogers, Rogers & Hardin, Atlanta, GA, Jeh Charles Johnson, Layaliza Klein Soloveichik, Paul Weiss Rifkind Wharton & Garrison, New York, NY, for Plaintiff.
Alan R. Perry, Jr., Page Perry LLC, Atlanta, GA, for Defendants.

WILLIAM S. DUFFEY, District Judge.
*1 This matter is before the Court on Plaintiff **CitigroupGlobal** Markets, Inc.'s (" Plaintiff" ) Motion for Preliminary Injunction and Stay of Arbitration [2], Defendants' Motion to Dismiss [4], Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction and a Stay of Arbitration [6], Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Further Support of Plaintiff's Motion for a Preliminary Injunction and Stay of Arbitration [9], and Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Dismiss and in Further Opposition to Plaintiffs' Motion for a Preliminary Injunction and a Stay of Arbitration. [10], and the Joint Stipulation of Facts [23]. Also before the Court is Defendants Motion For Leave to File Notice of Supplemental Authority [16], and Defendants Motion for Leave to File Supplemental Declaration and Memorandum of Law in Support [17].

Federal courts have limited jurisdiction, and a court must take care to ensure that it has jurisdiction for all cases that come before it. *Rembert v. Apfel,* 213 F.3d 1331, 1333-34 (11th Cir.2000). To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion. *Id.;Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001) ( " [B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." ). The Court has discovered several jurisdictional issues in this case which it must address *sua sponte.*[FN1]

> FN1. As the parties are aware, the Court has stated that the posture of this case is uncharacteristic of the way in which disputes of this kind arise in federal court. Through the process of considering the issues before it, the Court identified the fundamental jurisdictional issue addressed in this order as the reason this case and its posture seemed unusual.

This dispute concerns the arbitrability of a disagreement between Plaintiff and Defendants. Defendants are former WorldCom employees who owned WorldCom stock options. Plaintiff's predecessor-in-interest and Worldcom entered into a stock option agreement (the " Agreement" ) that made Plaintiff the first point of contact and exclusive facilitator of the exercise of Defendants' options. The Agreement, which only Plaintiff's predecessor-in-interest and Worldcom signed, included an arbitration clause. Defendants allege that Plaintiff defrauded them and breached the Agreement. Defendants seek redress through arbitration proceedings pursuant to the Agreement. The issue before this Court is whether Plaintiff can avoid continuing with the arbitration.

Plaintiff's Complaint requests an injunction and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.


EXHIBIT A

Slip Copy                                                                                                                   Page 2
Slip Copy, 2006 WL 3359653 (N.D.Ga.)
**(Cite as: Slip Copy)**

declaratory relief to avoid further participation in the already-initiated arbitration and to enjoin the commencement of any further arbitration proceedings. Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff alleges that the amount in controversy exceeds $75,000 and that there is complete diversity between the parties.

While there appears to be complete diversity, the Complaint does not allege an amount in controversy other than an unsupported claim that the amount in dispute exceeds $75,000. The Complaint does not seek damages; it demands injunctive and declaratory relief enjoining Defendants from proceeding with the ongoing arbitration. When, as here, a plaintiff in a diversity case seeks injunctive relief, " the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1077 (11th Cir.2000).

*2 The " value" of an injunction for jurisdictional purposes is " the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Id.* Where jurisdiction is based on a claim for indeterminate damages, " the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir.2003). The amount in controversy requirement is not satisfied where the benefit from injunctive relief would be " too speculative and immeasurable." *Ericsson GE Mobile Comms., Inc. v. Motorola Comms. & Electronics, Inc.,* 120 F.3d 216, 221-22 (11th Cir.1997).

The " object of the litigation" in the present case is injunctive and declaratory relief relieving Plaintiff from continuing with arbitration proceedings initiated by Defendants. The underlying fraud and contract claims are not at issue. What is at issue is whether the Plaintiff can obtain this Court's sanction to cease arbitrating Defendants' claims. The Complaint does not allege facts to show that this outcome is worth more than $75,000.

Plaintiff has not suggested any dollar amount for the value of avoiding arbitration, which is likely to be the difference in cost between arbitrating in Defendants' chosen forum and litigating or arbitrating in a different forum.[FN2] The amount in controversy is thus indeterminate. *Cf. McKinnon Motors,* 329 F.3d at 807. (" McKinnon did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim. Therefore, the damages McKinnon prays for under the bad faith claim are indeterminate." ). Plaintiff does not allege sufficient information for the Court to determine the monetary value of the relief it requests. Plaintiff has thus failed to meet its burden of proof regarding the amount in controversy requirement. The monetary value of Plaintiff avoiding arbitration is simply speculative and immeasurable.[FN3] Speculative " value" does not satisfy the amount in controversy requirement. *Id; see also Ericsson,* 120 F.3d at 221-22.

> FN2. Plaintiff has asserted that if it is required to arbitrate, the arbitration should proceed under the National Association of Securities Dealers (" NASD" ) rules, not those of the American Arbitration Association (" AAA" ). (Pl. Mem. of Law in Opp. to Def. Mot. to Dismiss and in Further Support of Pl. Mot. for a Preliminary Injunction and Stay of Arbitration at 18.)

> FN3. The Court cannot begin to assess the " monetary value" of the requested relief without first knowing Defendants' response (e.g., litigate, arbitrate in a different forum, seek settlement, or drop the case). About this the Court can only speculate.

The Court also considers *sua sponte* whether it has federal question jurisdiction. One of Plaintiff's claims for relief refers to the Federal Arbitration Act, 9 U.S.C. §§ 1-16. (" Arbitration Act" ). (Compl.¶ 64.) Plaintiff does not allege federal question jurisdiction in the " Jurisdiction" portion of its Complaint. In determining whether subject-matter jurisdiction exists, the Court applies the " well-pleaded complaint rule," which requires a federal question to be found on the face of the Complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

The Arbitration Act " does not provide an independent basis for a federal court's subject-matter jurisdiction." *Household Bank v. JFS Group,* 320 F.3d 1249, 1253 (11th Cir.2003). To seek relief under the Arbitration Act, a Complaint must allege an independent basis for federal court jurisdiction.*Id.* Without an independent jurisdictional basis, Plaintiff's claim for a stay under 9 U.S.C. § 4 does

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 3
Slip Copy, 2006 WL 3359653 (N.D.Ga.)
**(Cite as: Slip Copy)**

not itself raise a federal question. *See id.*

*\*3* Even if the Arbitration Act were an independent grant of jurisdiction, Plaintiff does not fall within its scope. Section 4, upon which Plaintiff bases its request for stay, permits " [a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition for arbitration in " any United States district court which, save for such [arbitration] agreement, would have jurisdiction under Title 28..." 9 U.S.C. § 4. Plaintiff is not aggrieved by Defendants' lack of participation in an arbitration process; to the contrary, Plaintiff seeks to avoid the arbitration initiated by Defendants. Plaintiff claims no valid independent ground of jurisdiction, and, in any case, falls outside of the scope of the statute. The Court thus does not have federal question jurisdiction to determine Plaintiff's claims for injunctive relief.

The Court also lacks subject-matter jurisdiction to determine Plaintiff's claims for declaratory relief. This Court " has subject-matter jurisdiction over a declaratory judgment action if ... plaintiff's well-pleaded complaint alleges facts demonstrating the defendant could file a coercive action arising under federal law." *JFS Group,* 320 F.3d at 1259. To make this determination, the Court must " look to the facts as they existed at the time the action was filed." *Id.*

The present action was filed on May 4, 2006. Defendants had filed their demand for arbitration before the AAA twenty days prior, on April 14, 2006. The record does not show and Defendants do not suggest that Plaintiff had by statement, action, or inaction declined to participate in the arbitration, nor is there any evidence before the Court that the arbitration proceedings are not in progress.^FN4

> FN4.Section 4 only grants a remedy to " a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate." In other words, Defendants could not have brought an action to compel arbitration unless they were first aggrieved by Plaintiff's resistance to participating in the arbitration. At the time of filing of the Complaint, the record does not show any evidence that Plaintiff had resisted participating in the arbitration. Defendants therefore could not have filed a coercive action arising under federal law compelling Plaintiff to arbitrate before the AAA, and

they have not done so to date. In fact, the record shows that arbitration proceedings were ongoing at least as recently as August 8, 2006, when Defendants notified the Court of a change of parties in that proceeding. On May 4, therefore, Defendants were not aggrieved within the meaning of § 4, and could not have filed an action in this Court to compel Plaintiff to arbitrate. Because Defendants could not have filed a coercive action at the relevant time, this Court does not have subject-matter jurisdiction to entertain Plaintiff's request for declaratory relief. *See, e.g., Multi-Financial Securities Corp. v. King,* 386 F.3d 1364, 1366 (11th Cir.2004) (affirming jurisdiction over a declaratory judgment complaint seeking to avoid arbitration where defendant was able to and did file a motion to compel arbitration under 9 U.S.C. § 4).*See also Canup v. Chipman Union, Inc.,* 123 F.3d 1440, 1443 (11th Cir.1997) ( " The real value of the judicial pronouncement-what makes it a proper judicial resolution of a ' case or controversy' rather than an advisory opinion-is in the setting of some dispute *which affects the behavior of the defendant towards the Plaintiff.*" ) (emphasis in original).

### III. *CONCLUSION*

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint [1] is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

N.D.Ga.,2006.
Citigroup Global Markets.Inc. v. Berggren
Slip Copy, 2006 WL 3359653 (N.D.Ga.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.