IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT KENNEDY, II and STEPHANIE KENNEDY, | * | |
| Plaintiffs, | * | |
| vs. | * | Civil Action No.: 1:07cv728 |
| FLEETWOOD ENTERPRISES, INC., FLEETWOOD HOMES OF GEORGIA, INC., | * * | |
| Defendants. | * | |

## OPPOSITION TO MOTION TO REMAND

Defendants Fleetwood Enterprises, Inc. and Fleetwood Homes of Georgia, Inc. oppose the Plaintiffs' Motion to Remand on the following grounds:

The Plaintiffs cite one unpublished decision from the Northern District of Georgia for the proposition that the amount in controversy is not met in this case. *See Citigroup Global Markets, Inc. v. Berggren*, No. 1:06-cv-1075-WSD 2006 WL 3359653, 2006 U.S. Dist. LEXIS 84146 (N.D. Ga. Nov. 20, 2006). That decision is contrary to several other decisions from the Second, Third, Fifth, and Seventh Courts of Appeals, as well as other federal district court cases that would show that the amount in controversy is met in this case. *See Webb v. Investacorp*, 89 F.3d 252 (5th Cir. 1996); *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511 (2d Cir. 1957); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995); *Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910 (E.D. Mich. 1991); *America's Money Line, Inc. v. Coleman*, 360 F.3d 782 (7th Cir. 2004); *Jeffrey Press, Inc. v. Hartford Casualty Inc. Co.*, 326 F. Supp. 2d 626 (E.D. Pa. 2004).

The Defendants' Opposition is supported by a Brief filed along with the Opposition.

      s/David F. Walker
JAMES H. CROSBY (CROSJ7501)
DAVID F. WALKER (WAL2617)
Attorneys for Defendants
Fleetwood Enterprises, Inc.
Fleetwood Homes of Georgia, Inc.

OF COUNSEL:
Crosby Saad, LLC
6404 Hillcrest Park Court
Mobile, Alabama 36695
Telephone:  251/476-3000
Facsimile:  251/776-5750
E-mail: jimcrosby@crosbysaad.com
      dwalker@crosbysaad.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 1st day of October 2007, served a copy of the foregoing upon counsel of record in this proceeding by electronic filing:

    C. Lance Gould
    Beasley, Allen, Crow,
    Methvin, Portis & Miles, P.C.
    Post Office Box 4160
    Montgomery, Alabama 36103
    **ATTORNEY FOR PLAINTIFF**

      s/David F. Walker
DAVID F. WALKER

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT KENNEDY, II and
STEPHANIE KENNEDY,                        *

     Plaintiffs,                              *

vs.                                                    *   Civil Action No.: 1:07cv728

FLEETWOOD ENTERPRISES, INC.,    *
FLEETWOOD HOMES OF GEORGIA,
INC.,                                                  *

     Defendants.                            *

## BRIEF IN OPPOSITION TO MOTION TO REMAND

Defendants Fleetwood Enterprises, Inc. and Fleetwood Homes of Georgia, Inc. submit the following brief in support of their opposition to the Plaintiffs' motion to remand:

**A.     The amount in controversy is met in this case**.

The Plaintiffs do not contest diversity of citizenship. They focus on the amount in controversy, relying entirely on one unpublished case from the Northern District of Georgia. *See Citigroup Global Markets, Inc. v. Berggren*, No. 1:06-cv-1075-WSD 2006 WL 3359653, 2006 U.S. Dist. LEXIS 84146 (N.D. Ga. Nov. 20, 2006). The Plaintiffs do not contest that the amount in controversy of their underlying dispute with the Defendants is more than $75,000. Instead, they argue that the value of the declaratory relief they are seeking – including a request for this Court to specify the method for appointing an arbitrator and to designate the applicable rules and fees associated with the arbitration – is too speculative to meet the jurisdictional amount.

There is an apparent disagreement on the law between the Northern District of Georgia and the Fifth Circuit Court of Appeals. The *Berggren* court states that the amount in controversy

is too speculative where one party seeks an injunction against proceeding with an arbitration. That court appears to be in the minority.

In a case cited in the Defendants' Notice of Removal, the United States Fifth Circuit Court of Appeals addressed an almost identical issue: whether the amount in controversy was met where the plaintiffs sought an injunction against proceeding with an arbitration. *See Webb v. Investacorp*, 89 F.3d 252 (5th Cir. 1996). The Fifth Circuit held that the amount in controversy depends upon the amount of the plaintiff's claims in the underlying arbitration itself. *Id*. at 256-57. The Fifth Circuit did not agree that the value of the declaratory relief itself was too speculative, as argued by the Plaintiffs here. *Id*. at 256. And the Fifth Circuit recognized that the amount in controversy is the monetary value of the object of the litigation, from the plaintiff's perspective, as argued by the Plaintiffs here. *Id*. at 256-57 and 257 n.1. Still, the Fifth Circuit found that it should look to the amount in controversy of the underlying arbitration.

The Fifth Circuit also noted that other jurisdictions had followed the same rule. For example, the Second Circuit Court of Appeals, in a case where the plaintiff argued that the value of his request to compel arbitration "has no ascertainable money value," stated the following:

> "In considering the jurisdictional amount requirement the court should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award."

*Webb*, 89 F.3d at 256 (quoting *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)). The Fifth Circuit noted that the Third Circuit had followed the lead of the Second Circuit on the same issue. *Webb*, 89 F.3d at 256 (citing *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 877 (3d Cir. 1995)). The Fifth Circuit further recognized that one other court applied the logic of *Davenport* and its progeny to a suit seeking to enjoin an arbitration. *Webb*, 89 F.3d at 256 (citing *Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912 (E.D. Mich.

1991). *See also America's Money Line, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004) ("In the context of actions to compel arbitration, we have adhered to the rule that, in order to ascertain whether the jurisdictional amount for the diversity statute has been met, the appropriate focus is the stakes of the underlying arbitration dispute"); *Jeffrey Press, Inc. v. Hartford Casualty Inc. Co.*, 326 F. Supp. 2d 626 (E.D. Pa. 2004) (for declaratory judgment actions, the amount in controversy is measured by looking at the complaint in the underlying suit or arbitration; it is irrelevant that the equitable relief sought in the declaratory judgment action does not directly involve money damages).

   The Plaintiffs' declaratory judgment action here is similar to the declaratory judgment actions in cases decided by the Fifth, Second, Third and Seventh Circuits, and other cases following their lead. The amount in controversy here should be determined by looking at the value to the Plaintiffs of the underlying arbitration dispute. An unpublished decision from the Northern District of Georgia seems to hold the minority view, and it should not be persuasive in this case.

   **B.  The Plaintiffs make no real separate arguments regarding the amount in controversy of their claims under the Magnuson Moss Act**.

   The Plaintiffs contend that their state court action – the declaratory judgment action – does not contain a claim under the Magnuson Moss Act, and, therefore, the amount in controversy for that claim has not been proven by the Defendants. This argument is meaningless. None of the other claims for relief are spelled out in the state court action either. The point is that the Court, just like the Fifth Circuit, should look to the underlying arbitration dispute, which does in fact include a claim under the Magnuson Moss Act. The Plaintiffs do not state that their claim for relief under that Act is less than $50,000, so they apparently agree that claim is valued at more than $50,000. In that case, federal question jurisdiction is available

3

pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2310(d)(1), (d)(3)(B), in addition to diversity jurisdiction.

    For the above reasons, the Plaintiffs' Motion to Remand should be denied.

                                                    s/David F. Walker
                                     JAMES H. CROSBY (CROSJ7501)
                                     DAVID F. WALKER (WAL2617)
                                     Attorneys for Defendants
                                     Fleetwood Enterprises, Inc.
                                     Fleetwood Homes of Georgia, Inc.

OF COUNSEL:
Crosby Saad, LLC
6404 Hillcrest Park Court
Mobile, Alabama 36695
Telephone: 251/476-3000
Facsimile: 251/776-5750
E-mail: jimcrosby@crosbysaad.com
        dwalker@crosbysaad.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this 1st day of October 2007, served a copy of the foregoing upon counsel of record in this proceeding by electronic filing:

        C. Lance Gould
        Beasley, Allen, Crow,
        Methvin, Portis & Miles, P.C.
        Post Office Box 4160
        Montgomery, Alabama 36103
        **ATTORNEY FOR PLAINTIFF**

                                                    s/David F. Walker
                                       DAVID F. WALKER