**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ROBERT KENNEDY, II., et al.** | ) |
| | ) |
| **Plaintiffs** | ) |
| **v.** | ) **CASE NO. 1:07-cv-728-MEF** |
| | ) |
| **FLEETWOOD ENTERPRISES, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO REMAND**

Defendants contend that this Court should look to the underlying disputes in arbitration to determine whether the amount in controversy exceeds $75,000.  Defendants also contend that since Plaintiffs alleged a violation of the Magnuson Moss Act in arbitration this Court should look to that underlying dispute and determine the Court has federal question jurisdiction.  The object of this litigation, however, has nothing to do with the underlying disputes in arbitration.  The object of the litigation can be determined by looking to the complaint.  The complaint asked the court to designate an arbitrator and applicable rules for arbitration.  Defendants, therefore, bear the burden of proving the designation of an arbitrator and applicable rules for arbitration is worth more than $75,000.

> **A.    The amount in controversy has not been met in this case.**

The United States Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the **object of the litigation**," not the object of the arbitration.  *Hunt v. Washington State Apple Advertising Com'n*., 432 U.S. 333, 347 (1977)(emphasis added).  First, the object of the litigation must be determined.  Second, the "monetary value of the object of the litigation that would flow

to the plaintiffs" must be determined.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002).

The object of the litigation can be found in the complaint filed by the Plaintiffs.  *See Correspondent Service Corp. v. First Equities Corp. of Florida*, 442 F.3d 767, 769 (2d Cir. 2006)(agreeing with the district court's decision that the jurisdictional amount had not been satisfied "**based on its review of the relevant allegations in the complaint**" because the object of the litigation was under $75,000)(emphasis added).  The underlying disputes in arbitration have absolutely nothing to do with this litigation because they were not alleged in the complaint. The Court should not litigate the substantive issues in the case as part of its inquiry into jurisdiction.  *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 204 (5th Cir. 1983)(stating that "a district court need not and should not conduct a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability in a case in order to make a preliminary determination as to the existence of subject matter jurisdiction").  Plaintiffs asked the court to designate and appoint an arbitrator and designate the applicable rules and fees associated with the arbitration.  The objective of the Plaintiffs has nothing to do with the underlying arbitration disputes.

Defendants bear the burden of proving that the appointment of an arbitrator and the designation of applicable rules and fees associated with the arbitration are worth more than $75,000.  *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003). Defendants did not allege the appointment of an arbitrator and the determination of applicable rules and fees associated with the arbitration are worth more than $75,000.  Defendants only allege that the amount of the underlying disputes of the arbitration exceed $75,000.  The underlying disputes of the arbitration, however, are not the objects of the litigation based on the

2

complaint. The complaint makes no mention of the disputes in arbitration. The complaint's objective was to request that the court designate an arbitrator and applicable rules and, therefore, that objective must be worth more than $75,000.

**B.    The Court does not possess federal question jurisdiction because the complaint in this case did not allege Magnuson Moss Warranty claims.**

The declaratory action filed by Plaintiffs did not claim any violation of the Magnuson Moss Act. The complaint did not request that the court address the Magnuson Moss Act. Federal jurisdiction is only appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded **complaint**." *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004)(emphasis added), quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). The complaint simply requested that the court designate and appoint an arbitrator and designate the applicable rules and fees associated with the arbitration. The complaint does not present any federal question which would confer jurisdiction to the Court.

Based on the foregoing, Plaintiffs respectfully urge this Honorable Court to remand this action to the Circuit Court of Henry County, Alabama.


/s/ C. Lance Gould
C. LANCE GOULD (ASB-0913-G66C)
Attorney for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the original of the foregoing document in this Court and served a copy upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 9th day of October, 2007.

/s/ C. Lance Gould
OF COUNSEL

James H. Crosby
David F. Walker
CROSBY SAAB, LLC
6404 Hillcrest Park Court
Mobile, Alabama 36695

4