IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT KENNEDY II and ) | |
| STEPHANIE KENNEDY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:07-cv-728-MEF |
| ) | |
| FLEETWOOD ENTERPRISES, INC. and ) | |
| FLEETWOOD HOMES OF GEORGIA, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND O R D E R

### I. INTRODUCTION

This cause is before the Court on Plaintiffs' Motion to Remand (Doc. # 4). Plaintiffs filed this case in the Circuit Court of Henry County, Alabama seeking declaratory relief with respect to an arbitration provision in a contract on which the Plaintiffs seek to submit for arbitration. (Doc. # 1-2, at 3). Defendants removed this case on the grounds that diversity of citizenship and federal question jurisdiction exist. (Doc. # 1). Plaintiffs argue that the case should be remanded because this Court has neither diversity nor federal question jurisdiction. Because the Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), the Motion to Remand is due to be DENIED.[1]

---

[1] Because diversity of citizenship and amount in controversy requirements are satisfied, this Court has diversity subject matter jurisdiction, and the Court does not need to reach the issue of whether federal question jurisdiction exists.

## II. STANDARD OF REVIEW

A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought in federal court originally. 28 U.S.C. §1441(a). Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of the parties, meaning that every plaintiff's state of residency is diverse from every defendant. *See* 28 U.S.C. §1332; *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds*, 204 F.3d 1069, 1072 (11th Cir. 2000).

On a motion to remand, the party seeking removal has the burden of establishing federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996)).

## III. DISCUSSION

Diversity of citizenship exists between the Plaintiffs and the Defendants.[2] Plaintiffs argue that the amount in controversy requirement of diversity jurisdiction is not met. (Doc. # 5, at 3).

**A. Standard for measuring the amount in controversy**

In declaratory actions, the amount in controversy is measured by the value of "the

---

[2] According to the Complaint, Plaintiffs are citizens of Alabama, Defendant Fleetwood Enterprises, Inc. is a California corporation, and Defendant Fleetwood Homes of Georgia, Inc. is a Georgia corporation. (Doc. # 1-2, ¶¶ 1-3). Defendants admit that diversity of citizenship exists between the parties. Notice of Removal (Doc. # 1, ¶ 4).

object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). The Plaintiffs' complaint asks the court to appoint an arbitrator and designate the applicable rules and fees associated with arbitration. Complaint (Doc. # 1-2, at 5). In this case, the parties disagree on what the "object of the litigation" is.

Plaintiffs argue that the correct measure of the amount in controversy is "the value of what is sought in the Complaint seeking to compel arbitration, not the claims in the underlying dispute." (Doc. # 5, at 3) (citing *Citigroup Global Markets, Inc. v. Berggren*, 2006 WL 3359653 (N.D. Ga. Nov. 20, 2006) (unpublished)). In *Citigroup*, the plaintiff requested declaratory relief in federal court to enjoin an ongoing arbitration. With respect to the amount in controversy, the plaintiff's complaint merely stated that the amount in controversy exceeded $75,000. *Id.* at *1. Without citing any legal authority, the *Citigroup* court stated that

> [t]he "object of the litigation" in the present case is injunctive and declaratory relief relieving Plaintiff from continuing with arbitration proceedings initiated by Defendants. The underlying fraud and contract claims are not at issue. What is at issue is whether the Plaintiff can obtain this Court's sanction to cease arbitrating Defendants' claims. The Complaint does not allege facts to show that this outcome is worth more than $75,000.

*Id.* at *2. In this case, Plaintiffs argue that, in light of the decision in *Citigroup*, the amount in controversy does not exceed $75,000 because the Complaint seeks declaratory relief, which they argue, cannot be proven to be worth in excess of $75,000.

Defendants argue that the correct measure of the amount in controversy is the value of the underlying claims in arbitration, which relate to an alleged defect in a manufactured

3

home. (Doc. # 1, at 1). Defendants point out that the Second, Third, Fifth, and Seventh Circuit Courts of Appeals disagreed with the position taken by Plaintiffs and the Northern District of Georgia, which wrote the unpublished decision that constituted Plaintiff's sole legal authority. (Doc. # 7-2, at 1-3) (citing *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957) (finding that the amount in controversy requirement was satisfied in a case where plaintiff sought to compel arbitration and affirming the district court decision that denied plaintiff's motion to remand); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) (finding that the amount in controversy requirement was satisfied in a case where the plaintiffs sought to compel arbitration); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256-57 (5th Cir. 1996) (finding that the amount in controversy requirement was satisfied in a case where plaintiff sought to enjoin arbitration and affirming the district court decision that denied plaintiff's motion to remand); *America's Money Line, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004) (holding that the amount in controversy in a suit to compel arbitration is the amount disputed in the underlying claim, and affirming a dismissal for lack of subject matter jurisdiction because the amount disputed in the underlying claim did not exceed $75,000)).

Plaintiffs cite no authority that is contrary to these cases other than the unpublished decision from the Northern District of Georgia, which did not cite any authority for its position on this issue. *See Citigroup*, 2006 WL 3359653, at *2. This Court finds that the underlying claim in arbitration is the correct measure of the amount in dispute because the

"petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award." *Jumara*, 55 F.3d at 877. Therefore, the amount in controversy should be measured by the underlying claims that Plaintiffs seek to arbitrate.

**B. Whether the amount in controversy requirement is satisfied**

Plaintiffs did not specify the amount of damages that they seek in the Complaint filed in the Henry County Circuit Court. Therefore, Defendants have the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208-09 (11th Cir. 2007) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir.1996)). In *Lowery*, the Eleventh Circuit noted the "unique tension in applying a fact-weighing standard" to a situation "where the court has only naked pleadings to consider." *Id.* at 1209. "[A]ny attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon." *Id.* at 1211 (citing *Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978)). Nevertheless, as the Eleventh Circuit put it in *Lowery*, "our precedent compels us to continue forcing this square peg into a round hole." *Id.*

The Court should consider the notice of removal and accompanying documents, including the complaint. *Id.* at 1213-14. "When a plaintiff seeks unliquidated damages and does not make a specific demand, . . . the factual information establishing the jurisdictional amount must come from the plaintiff." *Id.* at 1214 n.66. "If the jurisdictional amount is

either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Id.* at 1211. "[N]either the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15 (citing *Lindsey*, 576 F.2d at 595).

In this case, the Court will consider the Complaint that Plaintiffs filed in the Circuit Court of Henry County (Doc. # 1-2, at 2-5), excerpts from the contract between Plaintiffs and Defendants that Plaintiff submitted to the Circuit Court (Doc. # 1-2, at 6-8), and the Complaint that Plaintiffs filed with the American Arbitration Association (Doc. # 1-2, at 9-23) ("AAA Complaint"). If the amount in controversy in the underlying dispute is stated clearly in or readily deducible from these documents, then this Court has diversity jurisdiction.

Plaintiffs seek compensatory damages in counts one through seven, nine, ten, and eleven of their AAA Complaint for alleged defects in the manufactured home that Plaintiffs purchased from Defendants. AAA Complaint (Doc. # 1-2, at 16). Plaintiffs alleged that they paid $50,000 for the home, and that the home "is rendered worthless." (*Id.* at 13-14). In count eight, Plaintiffs state that "Defendants should be required to disgorge all sums . . . received from Plaintiffs." (*Id.* at 20). Based on these requests and on the allegation that Plaintiffs $50,000 home was rendered worthless, the Court finds that it is readily deducible from the AAA Complaint that the amount in controversy in this case is at least $50,000 because that is the amount that would be necessary to compensate Plaintiffs for their loss.

Deducing the jurisdictional amount in controversy with respect to the other claims is not as straightforward as deducing the compensatory damages request for the loss of the home. When faced with this issue, courts have looked at the amount of damages awarded "in cases on the same type of suit." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1392 (M.D. Ala. 1998) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)*; Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 404 (M.D. Ala. 1995); *Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1417 (M.D. Ala. 1986)).

Plaintiffs seek compensatory damages for "mental anguish, . . . emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, [and] inconvenience." AAA Complaint (Doc. # 1-2, at 16). In *Southern Energy Homes, Inc. v. Washington*, a purchaser of a manufactured home sued the manufacturer and alleged many of the same claims that Plaintiffs allege in this case. 774 So. 2d 505 (Ala. 2000). The Alabama Supreme Court upheld a compensatory damages award of $375,000, a "substantial portion" of which was for mental anguish. *Id.* at 518-19.

Plaintiffs seek punitive damages in counts seven, nine, ten, and eleven of the AAA Complaint. These counts allege wantonness; fraudulent, negligent, and wanton concealment; and liability under the Alabama Extended Manufacturers Liability Doctrine. Plaintiffs may recover punitive damages for fraudulent and wanton conduct. *Johnson v. McMurray*, 461 So. 2d 775, 779 (Ala. 1984) (punitive damages allowed for fraudulent concealment claim);

*Surrency v. Harbison*, 489 So. 2d 1097, 1105 (Ala. 1986) (punitive damages allowed for claims of wantonness). In *Horton Homes, Inc. v. Brooks*, a purchaser of a manufactured home sued the manufacturer and alleged many of the same claims that Plaintiffs allege in this case. 832 So. 2d 44 (Ala. 2001). The jury awarded $138,000 in mental anguish damages, which was affirmed by the Alabama Supreme Court, and $600,000 in punitive damages, which was reduced to $150,000. *Id.* at 54, 59.

The prior decisions cited by Defendants involving mental anguish and punitive damages and the fact that the $50,000 home is allegedly worthless indicate that the amount in controversy exceeds $75,000. Plaintiffs have not presented any evidence that successful plaintiffs in similar cases have recovered less than the jurisdictional amount  Therefore, the Court finds by a preponderance of the evidence that the amount in controversy is satisfied in this case.

## IV. CONCLUSION

The Court has subject matter jurisdiction because there is diversity of citizenship between the parties and the amount in controversy is satisfied. Accordingly, it is hereby ORDERED that

Plaintiffs' Motion to Remand (Doc. # 4) is DENIED.

Done on this the 5th day of December, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).